IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOCKWOOD INTERNATIONAL, INC. <br> Plaintiff, | § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DOEREN MAYHEW TEXAS, PLLC, <br> ET AL <br> Defendants. | § <br> § <br> § <br> § | |

## NOTICE OF REMOVAL

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Securities, LLC ("Wells Fargo Securities"), and Trustmark National Bank ("Trustmark") (Wells Fargo and Trustmark are collectively referred to as "Lenders," and Lenders and Wells Fargo Securities are collectively referred to as the "Lender Defendants") file this Notice of Removal of the Texas state court action styled Cause No. 2017-72122; *Lockwood International, Inc. v. Doeren Mayhew Texas, PLLC, et al.;* In the 125th District Court of Harris County, Texas. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332(a), 1441 and 1446.

## PRELIMINARY STATEMENT

1. Plaintiffs have attempted to avoid federal court jurisdiction by joining unrelated claims against unrelated defendants. Last year Plaintiffs filed a lender liability lawsuit against the Lender Defendants in federal court based on diversity jurisdiction in Galveston before the Honorable George C. Hanks, Jr., and separately filed an auditor malpractice state court lawsuit against their Texas auditors in Texas state court. In a blatant forum shopping maneuver and a brazen attempt to eviscerate the Lender Defendants' right to federal diversity jurisdiction, Plaintiffs recently dismissed their lender liability federal court claims in Galveston, and joined the Lender Defendants in the unrelated pending state court auditor malpractice lawsuit.

Plaintiffs' lender liability claims against the Lender Defendants are identical to the claims they asserted in federal court, and have absolutely no connection or relationship to the auditor malpractice claims they separately asserted against their auditors in state court. The respective claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and there is absolutely no common question of law or fact among the claims. Plaintiffs' claims against the Lender Defendants have been egregiously and fraudulently misjoined with claims against the auditors, and the improperly joined claims do not defeat the complete diversity that exists between Plaintiffs and the Lender Defendants.

2.     Under the fraudulent misjoinder doctrine, the citizenship of the Texas auditor defendants should be disregarded for diversity jurisdiction purposes, and the Lender Defendants remove this action pursuant to 28 U.S.C. §1332(a) as complete diversity exists between the properly joined parties. The claims against the Texas auditors should be severed and remanded to state court. Furthermore, the case should be transferred to the Galveston Division, which is where the lender liability claims were originally filed by Plaintiffs and where there remains an ongoing and active case before the Honorable George C. Hanks, Jr.

## I.     PROCEDURAL BACKGROUND

**A.     *The Texas State Court Litigation Against The Auditor Defendants***

3.     On October 25, 2017, Plaintiff Lockwood International, Inc. ("LI") filed Plaintiff's Original Petition against Defendants Doeren Mayhew Texas, PLLC d/b/a Doeren Mayhew, Moore Stephens Doeren Mayhew & Co., P.C., Juan Padilla and Rebecca Ramirez (collectively referred to as "the Auditor Defendants"). The case is styled Cause No. 2017-72122; *Lockwood International, Inc. v. Doeren Mayhew Texas, PLLC, et al.;* In the 125th District Court of Harris County, Texas (the "Auditor State Court Litigation"). According to the Original Petition, the Auditor Defendants were LI's auditors who audited and subsequently restated LI's

2015 financial statements. The Original Petition, which was filed almost 10 months ago, is essentially an auditor malpractice lawsuit, and asserts claims for negligence, negligent misrepresentation, and gross negligence relating to the restatement of the 2015 financial statements in November 2015. LI sought damages exceeding $10,000,000.00, as well as unspecified exemplary damages against the Auditor Defendants. *See* Plaintiff's Original Petition and Request for Disclosure attached hereto as **Exhibit 1**.

4.  On October 27, 2017, Michael F. Lockwood ("Michael Lockwood") filed a Plea in Intervention as the sole shareholder of LI, and asserted the same auditor malpractice claims against the Auditor Defendants. He similarly sought $10,000,000.00, as well as exemplary damages. *See* Michael Lockwood's Plea in Intervention and Request for Disclosure attached hereto as **Exhibit 5**.

5.  On March 12, 2018, LI filed Plaintiff's First Amended Petition against the Auditor Defendants, in which it asserted the same auditor malpractice claims, but changed the amount of damages it sought to an amount "in excess of $300,000,000.00." Similarly, on March 12, 2018, Michael Lockwood filed his First Amended Plea in Intervention, in which he also changed his damage amount to an amount "in excess of $300,000,000.00." *See* Plaintiff's First Amended Petition, and Michael Lockwood's First Amended Plea in Intervention, attached hereto as **Exhibits 2 and 6**, respectively.

B.  *The Galveston Federal Court Litigation Against The Lender Defendants*

6.  Approximately one month after LI filed its auditor malpractice lawsuit against the Auditor Defendants in state court, LI separately filed a lender liability lawsuit against the Lender Defendants in federal court in Galveston, Texas on November 30, 2017. Civil Action No. 3-17-cv-00365; *Lockwood International, Inc. v. Wells Fargo Bank, National Association; Wells Fargo Securities, LLC; and Trustmark National Bank;* In the Southern District of Texas, Galveston

Division (the "Galveston Litigation"). A copy of Plaintiff's Original Complaint in the Galveston Litigation is attached hereto as **Exhibit 33**. The Galveston Litigation is still pending.

7. The Complaint asserted numerous tort-based claims against the Lender Defendants relating to their alleged handling of a $72 million revolving line of credit in 2016 and 2017, and the eventual acceleration of the debt in November 2017 following the borrowers and guarantors' defaults. LI sought actual damages in the amount of $1,500,000,000.00 and exemplary damages in the same amount against the Lender Defendants.

8. On December 26, 2017, Wells Fargo and Trustmark filed a counterclaim against LI, and a third party complaint against Lockwood Holdings, Inc. ("LHI"), 7807 Eagle Lane, LLC ("Eagle Lane"), LH Aviation, LLC ("LHA"), LMG Manufacturing, Inc. ("LMG"), Lockwood Enterprises, Inc. ("LEI"), Piping Components, Inc. ("PCI") and Michael Lockwood.[1] A copy of Wells Fargo and Trustmark's Counterclaim and Third-party Claims and Application for a Temporary Restraining Order and Preliminary Injunction is attached hereto as **Exhibit 34**. On January 18, 2018, LHI, Eagle Lane, LHA, LMG, and PCI filed counterclaims against Wells Fargo and Trustmark, in which they asserted the same tort-based claims as LI. Copies of the counterclaims by the Lockwood Parties are attached hereto as **Exhibits 35 and 36**.[2]

9. The facts and claims alleged by the Lockwood Parties against the Lender Defendants in the Galveston Litigation are *identical* to the facts and claims which the Lockwood Parties now allege against the Lender Defendants in the Auditor State Court Litigation (discussed below).

---

[1] LI, LEI, LMG and PCI are borrowers, and Michael Lockwood, LHI, Eagle Lane and LHA are guarantors.

[2] Exhibit 35 is the counterclaim by LHI, LHA and Eagle Lane, and Exhibit 36 is the counterclaim by LEI, LMG and PCI.

C.      **_Bankruptcy Filing by the Lockwood Parties/Bankruptcy DIP Order_**

10.     On January 18, 2018, LHI, LHA and PCI filed voluntary bankruptcy petitions in the Southern District of Texas, Houston Division, and on January 24, 2018, the remaining Lockwood Parties – LI, LEI, LMG and Eagle Lane – also filed for bankruptcy protection. As a result, the Lenders' counterclaim and third-party claims against the Lockwood Parties were stayed due to the bankruptcy stay. The Lenders' claims against Michael Lockwood, the only guarantor who did not file for bankruptcy protection, were not stayed and are actively being litigated in the Galveston Litigation.

11.     On April 30, 2018, the Honorable Bankruptcy Judge David R. Jones entered an Agreed Final Order in the Lockwood Parties' bankruptcy proceeding relating to the Lockwood Parties' request for postpetition financing from the Lenders (the "DIP Order"). A copy of the DIP Order is attached hereto as **Exhibit 39**. In the DIP Order, the Bankruptcy Court ordered that the Lockwood Parties shall have until June 29, 2018 to assert claims against the Lenders and/or remove or prosecute the Galveston Litigation, otherwise the claims and causes of action shall be deemed released and forever barred. *See* DIP Order, Section 31(c) at page 36. As discussed below, rather than assert claims in Bankruptcy Court or pursue their claims in the Galveston Litigation, the Lockwood Parties dismissed their Galveston claims and improperly re-filed them in state court with the unrelated pending auditor malpractice claims.

D.      **_Lockwood Parties' Dismissal of Galveston Claims Against The Lender Defendants_**

12.     On June 28, 2018, the same day LI improperly added the Lender Defendants to the Auditor State Court Litigation, LI filed a 'Notice of Partial Dismissal without Prejudice' in the Galveston Litigation, in which it dismissed its claims against the Lender Defendants. Five days later, on July 3, 2018, the remaining Lockwood Parties filed a similar 'Notice of Partial

Dismissal without Prejudice,' similarly dismissing their claims against the Lender Defendants. Copies of the two Notices of Dismissal are attached hereto as **Exhibits 37 and 38**, respectively.

E.  *Improper Joinder of Lender Defendants in Auditor State Court Litigation*

13. On June 28, 2018, LI filed Plaintiff's Second Amended Petition against the Auditor Defendants, and added the Lender Defendants as named defendants. A copy of the Second Amended Petition is attached hereto as **Exhibit 3**. One day later, on June 29, 2018, while their claims were still pending in the Galveston Litigation, LHI, Eagle Lane, LHA, LMG, LEI and PCI joined LI as plaintiffs in filing Plaintiffs' Third Amended Petition against the Auditor Defendants and Lender Defendants. A copy of the Third Amended Petition is attached hereto as **Exhibit 4**.

14. In Plaintiffs' Third Amended Petition, LI continued to assert the same auditor malpractice claims against the Auditor Defendants relating to the restatement of the 2015 financial statements (negligence, negligent misrepresentation and gross negligence). With respect to the Lender Defendants, the Lockwood Parties asserted the same lender liability claims which mirror the claims asserted by the Lockwood Parties against Lenders in the Galveston Litigation: conversion, negligence, breach of special relationship, tortious interference with an existing contract, tortious interference with prospective business relations with vendors and clients, fraud, breach of duty of good faith and fair dealing, unjust enrichment and gross negligence. Plaintiffs' Third Amended Petition seeks "actual damages in excess of 3 billion dollars" against the Auditor Defendants and Lender Defendants, unspecified exemplary damages against the Auditor Defendants, and $1.5 billion in exemplary damages against the Lender Defendants.

15. As more fully discussed below, the lender liability claims and the auditor malpractice claims are legally and factually distinct and do not arise out of the same transactions or occurrences.

## II. TIMELINESS OF REMOVAL

16. Wells Fargo and Wells Fargo Securities were served with Plaintiffs' Third Amended Petition on July 12, 2018. *See* **Exhibits 25 and 26**.[3] Trustmark was served with Plaintiffs' Third Amended Petition on July 11, 2018. *See* the Return of Service on Trustmark attached hereto as **Exhibit 27**. Thus, the removal of this action is timely since it is filed within thirty (30) days after service of the Third Amended Petition on the Lender Defendants. *See* 28 U.S.C. §1446(b).

## III. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A. *Removal is Proper Under 28 U.S.C. §1332*

17. The State Court Action may be removed to this Court under 28 U.S.C. §1441(a) because this Court has diversity jurisdiction over the claims and relevant parties. The Lockwood Parties and the Lender Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### B. *Plaintiffs and Lender Defendants Are Completely Diverse*

18. According to Plaintiffs' Third Amended Petition, Plaintiffs – the Lockwood Parties – are all Texas Citizens.[4] *See* **Exhibit 4** at paragraphs 3.1 through 3.7.

19. Defendant Wells Fargo Bank, N.A. is a national banking association with its main office in Sioux Falls, South Dakota as set forth in its Articles of Association. Accordingly,

---

[3] Plaintiffs have not filed returns of service in the State Court Litigation for Wells Fargo and Wells Fargo Securities.

[4] Intervenor Plaintiff Michael Lockwood (also a Texas citizen) has not asserted any claims against the Lender Defendants in the Auditor State Court Litigation.

Wells Fargo Bank, N.A. is a citizen of the State of South Dakota for purposes of diversity jurisdiction. *See Wachovia N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state where its main office is located, as stated in its articles of association).

20. Defendant Wells Fargo Securities LLC is a Delaware limited liability company. The citizenship of an LLC is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Wells Fargo Securities LLC is Everen Capital Corporation ("Everen"). A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Everen was incorporated in Delaware, and has its principal place of business in Charlotte, North Carolina. Accordingly, Wells Fargo Securities LLC is a citizen of the States of Delaware and North Carolina for purposes of diversity jurisdiction.

21. Defendant Trustmark National Bank is a national banking association, with its main office in Jackson, Mississippi, as set forth in Trustmark's Articles of Association. Accordingly, Trustmark National Bank is a citizen of the State of Mississippi for purposes of diversity jurisdiction.

22. Given that Plaintiffs are citizens of Texas, and the Lender Defendants are citizens of other states, there is complete diversity of citizenship between Plaintiffs and the Lender Defendants.

C. ***Auditor Defendants are Fraudulently Misjoined and their Citizenship Should Accordingly Be Disregarded***

23. Upon information and belief, the Auditor Defendants are Texas and Michigan citizens. *See* Plaintiffs' Third Amended Petition, paragraphs 3.8 through 3.12 **(Exhibit 4)**.

24. When a plaintiff misjoins non-diverse defendants into an action against diverse defendants where the joinder is improper under applicable procedural rules and the misjoinder is so egregious as to be fraudulent in an effort to avoid federal jurisdiction, diversity jurisdiction nonetheless exists for the claims against the diverse defendants. *See Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated in part on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *JYC Enter. Inc. v. Allied Prop. & Cas. Inc.*, 230 F. Supp. 3d 734 (S.D. Tex. 2017); *Martinson v. Total Petrochems. & Ref. USA, Inc.*, No. H-14-555, 2014 U.S. Dist. LEXIS 70817, 2014 WL 2169970 at *6 (S.D. Texas May 23, 2014) (Miller, J.) (citing cases within the Fifth Circuit applying the fraudulent misjoinder doctrine adopted in *Tapscott v. MS Dealer Service*).

25. Under Texas Rule of Civil Procedure 40(a), all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. The lender liability claims against the Lender Defendants do not arise out of the same transaction or occurrence as the auditor malpractice claims against the Auditor Defendants, nor do the claims against the Lender Defendants and the Auditor Defendants share a common question of law or fact.

26. The claims against the Lender Defendants involve a lending relationship which arises out of a $72 million revolving line of credit which is in default. Some of the Lockwood Parties are borrowers and others are guarantors of the debt. Following the execution of two (2) forbearance agreements in which the Lockwood Parties acknowledged numerous events of

default, and due to the Lockwood Parties' ongoing monetary and non-monetary defaults, the Lenders accelerated the debt on November 27, 2017, at which time the outstanding principal owed was approximately $55 million. LI filed suit against the Lender Defendants in federal court in Galveston, Texas, three (3) days later on November 30, 2017, asserting several lender liability claims against the Lender Defendants. *See* the Galveston Complaint attached as **Exhibit 33**. Notably and tellingly, nowhere in the Galveston Complaint is there any reference to the 2015 financial statements or the restatement of the 2015 financial statements.

27.     The claims against the Auditor Defendants relate strictly to their audit of LI's 2015 financial statements and the subsequent restatement of those financial statements on or about November 20, 2015 due to "errors relating to the understatement of liabilities related to the Hebron project and an overstatement of certain inventory balances." *See* Plaintiffs' Third Amended Petition **(Exhibit 4)** at paragraphs 5.2 through 5.6. The gist of the Plaintiffs' complaint is that the Auditors were negligent in their restatement of the 2015 financial statements, and failed to "discover, test, and then disclose to Lockwood a legitimate basis for the restatement, or any accounting issues which created the circumstances requiring any restatement, let alone one decreasing net income by over ten million dollars." *Id.* at paragraph 5.8.

28.     The Lender Defendants' alleged wrongful conduct arises under the loan documents with the Lockwood Parties, whereas the Auditor Defendants' alleged wrongful conduct arises under the auditor's engagement agreement with LI. No right to relief against the Lender Defendants arises under the engagement agreement between LI and the Auditor Defendants, and similarly, no right to relief against the Auditor Defendants arises under the loan documents between the Lender Defendants and the Lockwood Parties. The claims against the two sets of Defendants are factually and legally distinct, and the assertion of factually and legally

distinct claims is sufficiently egregious to find the misjoinder fraudulent. *See JYC Enter. Inc. v. Allied Prop. & Cas. Inc.*, 230 F. Supp. 3d at 736. This is particularly true here given the complex procedural background leading up to Plaintiffs' latest forum shopping maneuver to try to defeat diversity jurisdiction: Plaintiffs' original filing of separate lawsuits in different forums in 2017, subsequent dismissal of the federal case claims, and addition of the federal case claims to the unrelated state court case.

29.    Thus, the Auditor Defendants' citizenship (Texas) should be disregarded for diversity jurisdiction purposes. Moreover, the misjoined claims against the Auditor Defendants should be severed and remanded to state court. *Id.* at 736 (court severs and remands claims against misjoined non-diverse defendant and retains claims against diverse defendants).

D.    *The Amount in Controversy Exceeds $75,000.00*

30.    In the Lockwood Parties' state court case against the Lender Defendants, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In the Third Amended Petition, the Lockwood Parties allege that their damages exceed $3 billion against the Lender Defendants, and further seek $1.5 billion in exemplary damages against the Lender Defendants. *See* **Exhibit 4** at paragraphs 7.1 and 7.3. Additionally, LI had sought $1.5 billion in actual damages and $1.5 billion in exemplary damages against the Lender Defendants in the Galveston Litigation. *See* **Exhibit 33** (Galveston Complaint) at pp. 19-20. And, the remaining Lockwood Parties sought $750 million in actual damages and $750 million in exemplary damages against the Lender Defendants. *See* **Exhibit 35** (LHI, LHA and Eagle Lane's Counterclaim) at p. 24, and **Exhibit 36** (LEI, LMG and PCI's Counterclaim) at p. 24. Finally, the unpaid principal on the debt owed to Lenders as of the filing of the Galveston Complaint was approximately $55 million. *See* **Exhibit 34** (Lenders' Counterclaim) at p.11.

## IV.   REQUIREMENTS

31. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81, the Lender Defendants have attached to this Notice of Removal an index of all matters being filed with this Notice of Removal, which includes, among other things, copies of all executed process, state court pleadings, orders, the docket sheet and a list of all counsel of record.

32. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be filed in the State Court Litigation.

33. Since the Auditor Defendants are fraudulently misjoined in the claims against the Lender Defendants, their consent is not necessary for removal. *See Augustine v. Emplrs. Mut. Cas. Co.*, No. 08-cv-1102, 2010 U.S. Dist. LEXIS 126431, at *46 (W.D. La. Nov. 30, 2010) ("There is a jurisprudentially recognized third category of improper joinder, obviating the need for unanimity of consent or complete diversity of removal, and the third category is commonly referred to as 'fraudulent misjoinder' or 'egregious misjoinder'."); *Flores-Duenas v. Briones*, No. 13-0660, 2013 U.S. Dist. LEXIS 173620, at *111 (D.N.M. Dec. 1, 2013) (procedural/fraudulent misjoinder is an exception to the normal rule requiring all defendants to consent to removal); *see also Breitling v. LNV Corp.*, 86 F. Supp. 3d 564 (N.D. Tex. 2014) (recognizing courts applying fraudulent misjoinder or egregious misjoinder as exception to need for consent of all served defendants); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (stating that application of the unanimity of consent rule to improperly or fraudulently joined defendants "would be nonsensical.").

## CONCLUSION

This Court has jurisdiction over this action under 28 U.S.C. §1332 in that there is diversity of citizenship between all real parties in interest (Plaintiffs and the Lender Defendants), and the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

This action was timely and properly removed to federal court. The claims against the non-diverse Auditor Defendants should be severed and remanded to state court, where they were originally filed. Furthermore, in light of the pending related action in federal court in Galveston County, the Lender Defendants request that the matter be transferred to the Galveston court, which is where it was originally filed by the Lockwood Parties.

Respectfully submitted,

By: */s/ Yasmin Atasi*
Yasmin Atasi
State Bar No. 10435150
yatasi@winstead.com
Angela Kao
State Bar No. 24105652
akao@winstead.com
**WINSTEAD PC**
600 Travis Street, Suite 5200
Houston, Texas 77002
(713) 650-8400
(713) 650-2400 (Fax)

**ATTORNEYS FOR DEFENDANTS
WELLS FARGO BANK, N.A.,
WELLS FARGO SECURITIES, LLC
AND TRUSTMARK NATIONAL BANK**

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, a true and correct copy of foregoing was forwarded to all counsel of record identified below by hand delivery (with enclosures) and email (without enclosures):

Francis I. Spagnoletti
fspagnoletti@spaglaw.com
David S. Toy
dtoy@spaglaw.com
Eric J. Rhine
erhine@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana, 8th Floor
Houston, TX 77002
Telephone: 713 653 5600
Facsimile: 713 653 5656
***ATTORNEYS FOR PLAINTIFFS***

Joseph W. DiCecco
jdicecco@grsm.com
Glenn R. LeMay
glemay@grsm.com
Robert S. Horn
rhorn@grsm.com
GORDON & REES LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027
(713) 961-3366 – Telephone
(713) 961-3938 – Facsimile
***ATTORNEYS FOR DEFENDANTS
DOEREN MAYHEW TEXAS, PLLC,
MOORE STEPHENS DOEREN MAYHEW & CO., P.C.,
JUAN PADILLA AND REBECCA RAMIREZ***

/s/ Yasmin Atasi
Yasmin Atasi